[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO TERMINATE ALIMONY #205.00
This case was tried as a limited contested dissolution of marriage and a memorandum of decision was rendered by Judge Novack on January 9, 1984. At that time he ordered periodic alimony in the sum of $400 per week. (Hereinafter the parties are called husband and wife for convenience) At the time of the dissolution, the husband was earning approximately $52,275.00 as shown on his financial affidavit. The wife listed a nominal amount of income as a dog groomer, dog breeder and dog shower. She showed on the recap summary section of the affidavit, "income" marked as nominal. This court has treated nominal as not being able to be quantified.
The wife's current gross income from work is $350.00 per week. The husband's gross income is shown on his affidavit as no income. There is a note however, that he will receive $2,513.50 for work that he has previously completed that is due him. He works as a real estate broker for Beazley Company and she works for a funeral home, Beecher and Bennett.
In addition, one Mr. Gersdorf who also works for the same funeral company as a funeral director lives with her. He testified that approximately 50% of the time he lives in the wife's house and the remainder of the time he lives in the motor home which is immediately adjacent to the garage and the home. The wife, testified that Mr. Gersdorf lives in the house approximately 33% of the time. Mr. Gersdorf's testimony, was that his relationship with Mrs. Foley is that he raises dogs with her. He testified that "she could be considered my girlfriend." It is clear that they have been together on important social events such as weddings, christenings and other occasions. When they travel to the shows, they sleep in the same motor home. There was no testimony introduced to establish however, that there is anything close to a cohabitation relationship, that is either as husband and wife, or CT Page 9449 sexual in nature.
It is also clear from the testimony that exactly what contributions he makes to the home and her living expenses are unclear except for the fact that he is presently paying $35.51 per week for dog food for the dogs and in addition, pays for their expenses concerning the dogs. It is clear that when the parties go out for dinner he pays, but no amount was set forth on that and on occasions he pays other expenses of hers. His testimony was they didn't share a bedroom.
This court has taken into consideration 46b-86(a) and 46b-86(b).
The court denies the request to terminate the alimony as set forth in the motion. The court however, under the statutes has the option short of termination to modify. The court finds that under all the circumstances there has been a substantial change in circumstances of both parties. The court finds that the wife is living with another person which the court finds should result in the reduction of alimony because the living arrangements cause such a change of circumstances as to alter the financial needs of the wife.
Accordingly, the court reduces the weekly payments of alimony from $400 per week to $200 per week.
KARAZIN, J.